MEMORANDUM *
Plaintiff-Appellant Jack R. Koch seeks damages and injunctive relief under 42 U.S.C. § 1983 for actions taken against him while he was incarcerated by the State of California. He appeals the district court’s grant of Appellees’ motion to dismiss and summary judgment motion. We review de novo a Rule 12(b)(6) dismissal. Terracom v. Valley Nat’l Bank, 49 F.3d 555, 558 (9th Cir.1995). Additionally, we review de novo the district court’s grant of summary judgment. Fed.R.Civ.P. 56; Dietrich v. John Ascuaga’s Nugget, 548 F.3d 892, 896 (9th Cir.2008).
Koch alleges that California state officials (Appellees) violated his constitutional rights — including his Fourth Amendment right to be free of unreasonable searches and seizures — when they forcibly collected his DNA without a warrant, without any suspicion that he had committed additional crimes, and in excess of their statutory authority under California Penal Code § 296. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition.
1. Statutory Authority for Koch’s Compulsory DNA Collection
Appellees argue that Koch was convicted under California Penal Code § 243, which is a qualifying offense under § 296. Although Appellees made this argument for the first time in their Supplemental Answering Brief, we consider the argument because it meets the requirements of United States v. Patrin, 575 F.2d 708, 712 (9th Cir.1978): (1) the issue is purely legal because it does not involve a dispute of fact and (2) its consideration does not affect the record. See id.
Not all crimes of felony battery under § 242 also involve punishment under, or otherwise implicate, § 243. See, e.g., People v. Butler, 2007 WL 603356, at *1 (Cal.Ct.App. Feb.28, 2007) (unpublished dispo *374 sition) (noting that “[defendant was charged with one count of battery in violation of section 242” and that the “information included a special ‘hate crime’ allegation that defendant also violated section 422.7,” but not mentioning charge or conviction under § 243). Here, Koch was convicted of violating § 242, and his applicable punishment derived from California Penal Code §§18 and 422.7, not from § 243. Moreover, none of Koch’s conviction documents mention § 243. Therefore, Koch’s offense was not “under” § 243. As a result, because none of Koch’s offenses of conviction were qualifying offenses under § 296, Appellees lacked state statutory authorization to seize Koch’s DNA.
2.Fourth Amendment Violation
Prisoners have diminished privacy rights, and as such, limited freedom against searches and seizures of their body, including the collection of them DNA. Cf. United States v. Kriesel, 508 F.3d 941, 947 (9th Cir.2007). However, even the limited security right Koch had against forcible extraction of his DNA outweighs the government’s interest in obtaining his DNA, since the state legislature had not expressed such an interest at the time his DNA was collected. Cf. United States v. Kincade, 379 F.3d 813, 839 & n. 39 (9th Cir.2004) (en banc) (upholding compulsory DNA collection from certain federal violent criminal offenders in absence of individualized suspicion that they had committed additional crimes, where the legislature expressed a legitimate governmental interest in that DNA collection and “the evenhandedness of [the] statute contribute^] to its reasonableness” (quoting Rise v. Oregon, 59 F.3d 1556, 1561 (9th Cir.1995))).
In this case, given the absence of individualized suspicion, probable cause, a legislative act endorsing this type of DNA collection, or “special needs” to justify that collection, Appellees’ forcible collection of Koch’s DNA was unreasonable. Cf. United States v. Knights, 534 U.S. 112, 118, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001) (holding that “the reasonableness of a search is determined ‘by assessing, on the one hand, the degree to which it intrudes upon an individual’s privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests” (quoting Wyoming v. Houghton, 526 U.S. 295, 300, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999))). Therefore, Appellees violated Koch’s Fourth Amendment rights by forcibly taking his DNA under these circumstances.
3. Qualified Immunity
While the compulsory DNA collection violated Koch’s Fourth Amendment rights, Appellees are entitled to qualified immunity against damages. Given the complexity and novelty of the issues presented here— particularly the effect of § 296 and Virginia v. Moore, 553 U.S. 164, 128 S.Ct. 1598, 170 L.Ed.2d 559 (2008), on Koch’s Fourth Amendment rights — reasonable officials could not have understood that them actions violated Koch’s constitutional rights. See Pearson v. Callahan, — U.S. -, 129 S.Ct. 808, 818-23, 172 L.Ed.2d 565 (2009) (modifying Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)); see also Moore, 128 S.Ct. at 1606 (holding that heightened state law protections against search and seizure do not alter federal constitutional search and seizure analysis).
4. Other Claims
Koch also argues that his rights under the Fifth, Fourteenth, and Eighth Amendments were violated. Koch’s Fifth and Fourteenth Amendment claims are due process claims that essentially mimic *375 those raised in his Fourth Amendment claim discussed above. Those claims were correctly dismissed because they are properly analyzed and disposed of within the more specific Fourth Amendment context. See Graham v. Connor, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (“Because the Fourth Amendment provides an explicit textual source of constitutional protection against [certain] ... physically intrusive governmental conduct, that Amendment, not the more generalized notion of ‘substantive due process,’ must be the guide for analyzing these claims.”). Even if we were to analyze Koch’s claim under a Fourteenth Amendment substantive due process framework, the claim would fail, as Koch has not shown that the DNA collection “imposes atypical and significant hardship” on him “in relation to the ordinary incidents of prison life.” See Wilkinson v. Austin, 545 U.S. 209, 222-23, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005) (quoting Sandin v. Conner, 515 U.S. 472, 483-84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). Koch’s Eighth Amendment claim also fails because has submitted no evidence that prison officials acted “maliciously and sadistically for the very purpose of causing harm.” See Hudson v. McMilli-an, 503 U.S. 1, 6, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).
5. Mootness of Request for Injunc-tive Relief
Koch’s request for an injunction is not rendered moot by California Proposition 69 (2004), see Cal.Penal Code § 295(b)(2) (allowing DNA collection from felons, including those convicted under § 242) because we cannot determine with certainty whether Koch’s DNA would have been collected during the period that, as a felony parolee, he was statutorily eligible for such a collection. Therefore, even though Proposition 69 will likely cover situations like Koch’s in the future, Appellees have failed to show that the injunctive relief Koch seeks is moot. See Adarand Constrs., Inc. v. Slater, 528 U.S. 216, 224, 120 S.Ct. 722, 145 L.Ed.2d 650 (2000) (per curiam); see also United States v. Larson, 302 F.3d 1016, 1020 (9th Cir.2002) (holding that finding of mootness is justified “only if it w[as] absolutely clear that the litigant no longer had any need of the judicial protection that it sought”).
6. Remedy
Because Appellees collected Koch’s DNA in violation of his Fourth Amendment rights, we order the Attorney General and the California Department of Corrections and Rehabilitation to permanently relinquish or destroy any data or information relating to or derived from Koch’s DNA taken from him on August 21, 2003, and that is in the possession or control of the Attorney General’s office, the California Department of Corrections and Rehabilitation, or any other state agency or entity. Within thirty days of this Order, the Attorney General or his designee shall file an affidavit with this court attesting to and describing his compliance with this Order.
AFFIRMED in part, REVERSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.